NOT FOR PUBLICATION                    [Dkt. No. 4, 5, 6]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

CARLOS GINES-FIGUEROA,

    Petitioner,                    Civil No. 15-3418 (RMB)

        v.                         **OPINION**

UNITED STATES OF AMERICA,

    Respondent.

**BUMB**, United States District Judge:

This matter comes before the Court upon a Motion to Vacate, Set Aside, or Correct Sentence filed by Carlos Gines-Figueroa ("Petitioner") pursuant to 28 U.S.C. § 2255 (the "Section 2255 Motion").  Petitioner argues that he was ineffectively assisted at sentencing by his counsel who failed to request this Court provide a three-level reduction of his Base Offense Level ("BOL") for his timely acceptance of responsibility.  For the reasons outlined below, Defendant's motion is denied and this case shall be closed.

At the outset, the Court notes that on August 25, 2015, it addressed a very similar, but not identical, Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) as a part of Petitioner's underlying criminal proceedings, United States v. Carlos Gines-Figueroa, Crim. No. 12-581 (RMB), (the

"Section 3582(c)(2) Motion"). To summarize the disposition of that motion, Petitioner argued that he was not granted a two-level reduction pursuant to then-pending Amendment 782 to the United States Sentencing Guidelines, which lowered the offense levels for many drug offenses by two levels. See U.S. v. Jones, 605 F. App'x 81, 82 (3d Cir. 2015) (per curiam). After thoroughly reviewing Petitioner's arguments, the sentencing transcript, and the calculation of his sentence, this Court determined that Petitioner's arguments were premised upon a faulty calculation of his initial BOL. United States v. Gines-Figueroa, Opinion [Dkt. No. 36] at 6. Ultimately, the Court held that Petitioner had indeed been explicitly granted the benefit of Amendment 782 in the form of a two-level downward variance. (Id. at 7-8.) As a result, the Court denied the Section 3582(c)(2) Motion. (Id. at 8.)

Shifting to this civil proceeding, the Section 2255 Motion was filed after briefing of the Section 3582(c)(2) Motion was completed, but prior to this Court ruling upon it. Curiously, in the Section 2255 Motion now before this Court, Petitioner argues, in direct opposition to his previous stance, that he "timely entered a plea of guilty on December 5, 2013, . . . [and] *was provided the two level reduction for the, then, forthcoming retroactive Amendment 782 . . . .*" (Pets.' Section 2255 Mot. at 5 (emphasis added).) Instead, Petitioner now

2

asserts that his counsel ineffectively assisted him because, had his counsel requested it of the Court, "[a]s a matter of law, and more likely than not, Movant would have received the benefit of the three level reduction for his timely acceptance of responsibility, nor can they in light of the attached Sentencing Transcript."  (Id. at Att. Pg. 2 (emphasis omitted).)

Put simply, Petitioner has again premised his argument on a miscalculation of his sentencing levels.[1]  As previously noted by this Court, "[a]s part of the plea agreement, the parties stipulated that Defendant's offense involved between 5 and 15 kilograms of cocaine, which yielded a corresponding [BOL] of 32" under the 2012 United States Sentencing Guidelines.[2]  United States v. Gines-Figueroa, Opinion at 1-2.  The parties further stipulated that the Defendant qualified for a two-level

---

[1] Consistent with Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." The advisory committee notes explain that, "[s]ince the motion is part of the criminal action in which was entered the judgment to which it is directed, the files, records, transcripts, and correspondence relating to that judgment are automatically available to the judge in his consideration of the motion." Rule 4, Advis. Comm. Notes; see also U.S. v. Thomas, 713 F.3d 165, 171-72 (3d Cir. 2013).

[2] Petitioner currently argues his BOL was 29.  Previously, as part of his Section 3582(c)(2) Motion, Petitioner argued his BOL was 30.  (Defs.' Section 2255 Mot. Br. at 3.)  This is flatly contradicted by the Presentence Investigation Report ("PSR"), which states that Petitioner's BOL is **32**.  (PSR at ¶ 41.)

reduction for acceptance of responsibility and that the United
States would move for a further one-level reduction in light of
Defendant's assistance of authorities in his prosecution.  See
(Plea Agr. at ¶¶ 7, 8); U.S.S.G. § 3E1.1(a); Sentencing Tr. at
3:5-8 (Discussing Petitioner's proffer).  These stipulations
were accepted by the Court, as evidenced by the fact that the
Court provided the safety-valve reduction and Amendment 782
variance from an offense level of 29, not 32.  (See PSR at ¶¶
47-48 (explaining that offense level reduction from 32 to 29 was
based upon acceptance of responsibility.)  As such, Defendant
was already granted the reductions he now claims to seek.[3]

In light of the above, specifically that Petitioner
received the exact relief he claims to now seek, he cannot meet
the standard of demonstrating ineffective assistance of counsel.
In particular, because his attorney committed no error
whatsoever in failing to ask for a three-level reduction that
had already been granted, he cannot show that his counsel's
representation fell below an objective standard of
reasonableness, or that the result would have been any different
had his lawyer not committed the error with which Petitioner

---

[3] Indeed, Defendant appears to acknowledge he received the
benefit of a three-level reduction in his previous motion as a
part of his criminal proceeding.  (Defs.' 3582(c)(2) Mot. Br. at
3 ("Because Mr. Figuroa timely accepted responsibility for his
criminal conduct, he was awarded a three (3) level reduction . .
. .").)

charges him.  Carpenter v. Vaugh, 296 F.3d 138, ("The defendant must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's error, the resulting proceeding would have been different."); see also Strickland v. Washington, 466 U.S. 668, 684-85 (1984).  An appropriate Order follows.


DATED: October 28, 2015

                              s/Renée Marie Bumb
                              RENÉE MARIE BUMB
                              UNITED STATES DISTRICT JUDGE